*Litchfield,*
August, 1847.

Graves
*v.*
Northrop.

## GRAVES *against* NORTHROP and others.

The will of a testator, who died in 1832, contained the following provision: " My will is, that my daughter *S.*, the wife of *G.*, should she outlive said *G.*, her husband, shall have 500 dollars out of my estate; and if she should not outlive said *G.*, her husband, then said 500 dollars shall be secured and equally paid to the sons of said *S.*, my daughter, within ten years after my decease; which is, with about 1000 dollars I have heretofore given my daughter *S.*, all her part of my estate." In *assumpsit*, brought in *August* 1846, while *S.* and her husband were both living, by one of the sons of *S.*, against the executors of the testator, to recover the plaintiff's portion of the legacy, it was held, that the words " within ten years after my decease," did not limit or qualify the gift to the testator's daughter; and that, on the death of her husband, at any time during her life, she would become entitled to receive it; consequently, no right of action had accrued to the plaintiff.

THIS was an action of *assumpsit* against the executors of *David Northrop*, deceased, to recover one-sixth part of 500 dollars, which the plaintiff claimed as being entitled thereto under the will of said *Northrop*. The defendants pleaded the general issue; and on the trial, the following facts were agreed to, by the parties.

On the 29th of *May* 1828, *David Northrop*, the testator mentioned in the declaration, made his last will and testament, containing the following devise: " And my will is, that my daughter *Sally Graves*, the wife of *Jedediah Graves*, should she outlive said *Jedediah*, her husband, that she shall have 500 dollars out of my estate, in land or moveables, at inventory prices, or in money, as my executors may think best; and if said *Sally* should not outlive said *Jedediah*, her husband, then said 500 dollars shall be secured and equally paid to the sons of said *Sally*, my daughter, within ten years after my decease; which is, with about 1000 dollars I have heretofore given my daughter *Sally*, all her part out of my estate."

On the 7th of *April* 1832, *David Northrop* died. The will was, soon afterwards, duly proved; and the defendants accepted the trust of executors. The plaintiff is one of the six sons of *Jedediah* and *Sally Graves*. There are assets sufficient to pay all the debts and legacies.

On the 7th of *April* 1842, the defendants, in the presence and by the consent of *Jedediah Graves*, paid to *Sally*, his

wife, the sum of 500 dollars, and, with the like consent, took from her a writing in these words: " Received, *Sherman, April* 7th 1842, of *David* and *John O. Northrop,* executors of the last will of *David Northrop,* late of *Sherman,* deceased, 500 dollars, in full of a legacy bequeathed by said *David,* in said will, to his daughter *Sally Graves,* wife of *Jedediah Graves;* which legacy was to be paid to said *Sally Graves,* by the executors of said will, in ten years after his, the said *David Northrop's* decease. *Sally Graves,* wife of *Jedediah Graves.*" At the time of such payment, and afterwards, the plaintiff was a minor, under the age of 21 years, and had no guardian, except his father and natural guardian, of whose family he was one ; but at this time, there were three other sons of *Sally Graves,* who were more than twenty-one years of age. No other payment or security than that above stated, has been made. *Jedediah* and *Sally Graves* are now both living.

On the 18th of *July* 1846, a proper demand was made of the defendants, by the plaintiff, for the payment of his interest in said legacy of 500 dollars. Since the institution of this suit, the defendants have commenced an action against *Jedediah Graves,* to recover back the sum of 500 dollars, paid as aforesaid ; which suit is now pending.

The case was thereupon taken from the jury, and reserved for the advice of this court as to what judgment ought to be rendered.

*T. Smith* and *Graves,* for the plaintiff, stated, in the first place, a few general principles, which they considered as incontrovertible. Among these were the following. The intention of the testator is to govern, in the construction of a will, if not inconsistent with the rules of law. General words in one part of a will, may be restrained, by subsequent words. 1 *Sw. Dig.* 139. *Hungerford* v. *Anderson,* 4 *Day* 368. 372. Where the provisions of a will are so repugnant that they cannot stand together, the last provision will prevail. *Bradstreet* v. *Clark,* 12 *Wend.* 602. Words favourable to the claims of a legatee, are to be beneficially construed. *Parsons* v. *Winslow,* 6 *Mass. R.* 169. 174. Effect shall be given to all the words, if it can be done, by reasonable construction, consistently with the manifest intention of the testator. *Dawes*

v. *Swan*, 4 *Mass. R.* 208. In view of these principles, the counsel then contended,

1. That under this will, Mrs. *Graves* was to receive 500 dollars from her father's estate, in the event of her outliving her husband—*i. e.* becoming a widow—within ten years after the testator's decease; but if this event should not take place within the time specified, then the money was to be paid to her sons equally.

2. That the payment of 500 dollars to Mrs. *Graves*, on the 7th of *April* 1842, was not intended, nor was it in effect, a payment of the legacy to her sons.

3. That if this payment was a good payment of the legacy to the sons who were of adult age, it was not so to the plaintiff, who was a minor.

*Church*, for the defendants, contended, 1. That the testator manifestly intended, by this provision in his will, that in the event of his daughter's surviving her husband, she should take the 500 dollars. She was the primary object of his bounty; but he did not intend, that her husband should derive any benefit from the legacy. She was not to have it, during his life. But in the event of her surviving him,—let that event happen when it might,—she was entitled to it.

2. That the sons could take nothing, while both the parents were living; nor indeed during the life of their mother; for if she survived her husband, she would take the legacy, and not the sons.

3. That the time of payment—"within ten years after my decease"—does not qualify the gift to Mrs. *Graves*. It is not in or attached to the clause containing that gift, but in a subsequent clause providing for its going over to the sons. If it is to have any effect, it is to limit or qualify the gift to *them*.

HINMAN, J. The words of the will on which the question in this case arises, are,—"And my will is, that my daughter *Sally Graves*, the wife of *Jedediah Graves*, should she outlive said *Jedediah*, her husband, that she shall have five hundred dollars out of my estate, in land or moveables, at inventory prices, or in money, as my executors may think best; and if said *Sally* should not outlive said *Jedediah*, her husband, then said five hundred dollars shall be secured and equally paid to

the sons of said *Sally*, my daughter, within ten years after my decease ; which is, with about one thousand dollars I have heretofore given my daughter *Sally*, all her part in my estate."

The testator having died in 1832, more than ten years before the commencement of this suit, the plaintiff, one of the sons of his daughter *Sally*, claims, that he, by this provision, is entitled to his proportion of this legacy. This is resisted, on the ground, that, by the terms of the will, the legacy was not to be paid to the sons of *Sally*, until after her death, and that, in the event that she survives her husband, she alone is entitled to it ; and, as both she and her husband are still living, the plaintiff has no right, and it is uncertain whether he ever will have any ; and therefore, he cannot recover.

The general object of the testator seems to have been, to make some little provision for his daughter. Hence he speaks of this legacy in connexion with what he had before given her, as her part of his estate ; and he makes no other provision for her in his will. It is very obvious also, that he intended to accomplish this general object, in such a manner that his son-in-law should never be benefited by it. Hence he provides, that his daughter shall have the legacy, only in the event that she outlives her husband. Whether this was a reasonable provision for the daughter, considering the circumstances of the testator, is of no importance ; it was such as he, having the power, chose to make it. The will seems to have been drawn with these objects in view ; but as the daughter might not survive her husband, he provides, that, in that event, the legacy shall be secured and paid to her sons ; and he adds to the devise over to the sons the words, " within ten years after my decease." Do these words fairly imply, that the testator intended, as a farther condition to the payment of the legacy to his daughter, that she should not only survive her husband, but that she should survive him within ten years after the testator's death ? It does not seem to us, that such was his intention. It is directly contrary to his general intent to make some provision for his daughter. The words are disconnected with that part of the will that treats more particularly of the provision for her, and are only added to the devise over to the sons. What the particular object of them was, is not very apparent. He probably did not anticipate, that both his

daughter and her husband would survive him longer than ten years. If the wife had not survived this term, the words would have had some operation; but they seem now to be without meaning.

The conclusion to which we have arrived, makes it unnecessary to consider the point, as to the effect of the payment made to the mother of the plaintiff, with the approbation of her husband. We advise the superior court to render judgment for the defendants.

In this opinion the other Judges concurred.

Judgment for defendants.